UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHAUNCEY FUGGINS ET AL         CIVIL ACTION NO. 25-cv-648 LEAD

VERSUS         JUDGE VAN HOOK

L & A WELL SERVICE L L C ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Louisiana plaintiffs filed this action, which was removed based on diversity jurisdiction. Before the court is a Motion to Intervene (Doc. 36) by LWCC, which represents that it is also a Louisiana citizen and seeks to intervene to recover workers' compensation benefits paid to plaintiffs Chauncy Fuggins and Troy Johnson. LWCC states that it satisfies the court's jurisdictional limits because it has co-ownership of the plaintiffs' claim for damages.

The undersigned has held in prior cases that a workers' compensation insurer is an intervenor of right and should be treated as an intervenor-plaintiff. That requires that there be diversity of citizenship between the intervenor and the defendants *and* that the amount in controversy with respect to the intervention must exceed $75,000. The burden of establishing subject matter jurisdiction rests on the proposed intervenor. See, e.g., Davis v. Southwest Sales, Inc., 2021 WL 5504732 (W.D. La. 2021); Sharpley v. Covenant Testing Technologies, LLC, 2024 WL 5083750, *3 (W.D. La. 2024); and Patterson v. Corvel Corp., 2021 WL 4047391 (W.D. La. 2021).

It does not appear that the proposed complaint in intervention or related filings include a specific assertion that the amount of benefits paid or otherwise claimed by LWCC exceeds $75,000. Accordingly, the **Motion to Intervene (Doc. 36)** is **denied** without prejudice. LWCC may renew the request for intervention if it can satisfy the amount in controversy. In some cases where there was no jurisdiction over a proposed WC intervention, the parties have reached agreements outside the record that protected the interests of the WC insurer but did not present jurisdictional problems. If the WC intervenor insists on intervening and there is no subject matter jurisdiction over its claim, then remand of the entire case to state court may be required for the issues discussed in Patterson.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge